# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ALEXANDER COURT GARDENS, LLC,

      Plaintiff,

  v.                                      Civil Action 2:20-cv-617
                                            Judge George C. Smith
                                            Magistrate Judge Chelsey M. Vascura

DOMINIQUE BAIRD,

      Defendant.

## ORDER and REPORT AND RECOMMENDATION

On January 8, 2020, Plaintiff, Alexander Court Gardens, LLC, filed a Complaint in Forcible Detainer against Defendant, Dominique Baird, in the Municipal Court of Franklin County, Ohio. *See Alexander Court Gardens, LLC v. Dominique Baird*, Franklin M.C. No. 2020 CVG 2630 (January 8, 2020). The Complaint sought possession of the Subject Premises as a result of Defendant's failure to pay rent for the month of January 2020 in violation of the lease agreement. (*Id.*) Defendant, an Ohio resident proceeding without the assistance of counsel, removed the action to this Court on February 4, 2020. This matter is now before the Court for consideration of Defendant's Motion for Leave to Proceed *In Forma Pauperis*, which is **GRANTED**. (ECF No. 1.) Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Defendant's Notice of Removal (ECF No. 1-1) under 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for

the reasons that follow, the undersigned **RECOMMENDS** that the Court **REMAND** this action to the Franklin County Municipal Court.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1], which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

When the Notice of Removal provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *See Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at \*2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d

---

[1]Formerly 28 U.S.C. § 1915(d).

916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)). In Defendant's Notice of Removal, she asserts that this Court has jurisdiction over this action because Plaintiff's Complaint in Forcible Detainer violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 801, *et seq.*, and the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*. However, the action being removed consists only of state-law claims for eviction under Ohio Revised Code Chapter 1923, over which this Court does not have original jurisdiction. Moreover, Defendant's assertion of defenses or counterclaims involving federal statutes does not create a basis for jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002) (holding that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction"). Further, Defendant has not pleaded diversity jurisdiction. Therefore, the undersigned finds that this Court lacks subject-matter jurisdiction over this action.

## II.

For the reasons discussed above, the undersigned concludes that this Court lacks subject-matter jurisdiction over this action. Accordingly, it is **RECOMMENDED** that the Court **REMAND** this action to the Franklin County Municipal Court. It is further **RECOMMENDED** that Plaintiff's Motion to Dismiss or, in the Alternative, Motion to Remand for Further Proceedings (ECF No. 2) be **DENIED AS MOOT**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE